IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DARLENE MAAS,<br><br>          Plaintiff,<br><br>vs.<br><br>CITY OF BILLINGS, MONTANA; BILLINGS, MONTANA POLICE DEPARTMENT; CHIEF RICH ST. JOHN, CAPTAIN CONRAD, OFFICER KEIGHTLEY, OFFICER LANGE, OFFICER AGUILAR, OFFICER SCHAFF, and JOHN DOES 1-10<br><br>          Defendants. | CV 19-79-BLG-SPW-KLD<br><br>ORDER |

      The above-named Defendants move under Federal Rule of Civil Procedure 12(e) for an order requiring pro se Plaintiff Darlene Maas to provide a more definite statement. For the reasons set forth below, the motion is granted.

I.      <u>**Legal Standard**</u>

      Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that

1

the part cannot reasonably prepare a response." A Rule 12(e) motion attacks the intelligibility of the complaint rather than the lack of detail, and should be denied "where the complaint notifies the defendant of the substance of the claims asserted." *Alicia Johnson v. City of Portland,* 2019 WL 5406551, *1 (D. Or. Oct. 3, 2019).

The proper "test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame a responsive pleading." *Scripps Health v. Vision Software Technologies Inc.*, 2010 WL 11508881, *3 (S.D. Cal. Aug. 13, 2010). In light of "the liberal pleading requirements of Rule 8, motions for a more definite statement are 'viewed with disfavor and are rarely granted.'" *Myers v. Howmedical Osteonics Corp.*, 2015 WL 1467109, *1 (D. Mont. 2015) (quoting *Sanchez v. City of Fresno*, 914 F.Supp.2d 1079, 1122 (E.D. Cal. 2012).

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted).

**II.   Discussion**

Plaintiff filed this action in state court on June 5, 2019, using a complaint form provided by the state court. (Doc. 3). The opening sentence of the Complaint alleges "[t]he Billings Police Dept. engaged in an extended baseless, biased course of conduct." (Doc. 3 at 1). In the section immediately following, Plaintiff identifies four claims for relief set forth verbatim as follows:

1. Defamation – responsible for accident when had no accident, referred to as hit & run driver, trespasser, well-known signal 27.

2. Repeated failure and refusal to adhere to State of Montana Law Enforcement Code of the Ethics 23.13.203.

3. Violation of my Montana Constitutional Rights, Sec. 2, #3) Inalienable Rights, #4) Individual Dignity, #17) Due Process of Law.

4. Violation of my U.S. Constitutional Rights, the Bill of Rights, and Amendment 14.

(Doc. 3 at 1-2). The rest of the Complaint consists of Plaintiff's request for relief. She seeks "[r]emoval of all false, defaming, biased, baseless, discriminatory statements & actions from any & all Billings Police Dept. records," and asks for "[t]raining & education to the Billings Police Dept. focused on" several areas including bias, ethics, and discrimination. (Doc. 3 at 2). Plaintiff requests compensatory and punitive damages, and wants "[t]hose responsible for the harassment and criminal mischief to me and my property be held accountable by the Billings Police Dept. just as any other county resident would be." (Doc. 3 at 4).

Within thirty days after service of the Complaint, Defendants removed the

case to this Court pursuant to 28 U.S.C. § 1441(a) on the ground that Plaintiff's federal constitutional claim gives this Court federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 1 at 3). One week later, on July 25, 2019, Defendants filed the pending motion for a more definite statement. Defendants argue the Complaint is so vague, ambiguous, and lacking in factual detail that they cannot reasonably frame a response.

Even liberally construing the Complaint in Plaintiff's favor, the Court agrees with Defendants that a more definite statement is required. The Complaint does not identify which claims are being brought against which Defendants, and contains virtually no supporting factual allegations. Plaintiff's defamation claim is set forth as a series of seemingly unrelated phrases, and is essentially unintelligible. Plaintiff does not identify any allegedly defamatory statements, when those statements might have been made, or by whom. Plaintiff's claims under the United States and Montana constitutions are equally unsupported by any factual allegations. Plaintiff simply lists several constitutional rights, but does not explain how any of the named Defendants allegedly violated those rights.

Plaintiff has responded to Defendants' motion for a more definite statement by filing two nearly identical briefs. (Docs. 8 & 9). Plaintiff maintains her Complaint

> is NOT vague, ambiguous and unintelligible to be identified, labeled and defamed as a hit and run driver. It is NOT vague, ambiguous and

4

> unintelligible to be defamed as being responsible for an accident that DID NOT occur. It is NOT vague, ambiguous and unintelligible to be defamed and identified by a term that is so baseless, biased, malicious, discriminatory and derogatory that a secret Billings Police Dept. code is used to describe it (signal 27).

(Docs. 8 at 3; 9 at 3). Even considering the statements in Plaintiff's response briefs as part of the Complaint – which they are not – Plaintiff does not allege sufficient additional facts to put Defendants on notice of the claims against them. Notwithstanding the liberal construction given to pro se pleadings, Plaintiff's Complaint is so vague and ambiguous that Defendants cannot reasonably prepare a response. Because the Complaint does not provide Defendants with a sufficient basis to frame a responsive pleading, they are entitled to a more definite statement.

In closing, the Court briefly addresses three other matters raised by Plaintiff in her response briefs. First, Plaintiff argues she did not receive defense counsel's letter dated July 23, 2019, asking her whether she opposed their motion for a more definite statement until July 30, 2019 – two days after the motion was filed. (Doc. 10-1). Even assuming this is true, Plaintiff has had the opportunity to respond to Defendants' motion and her delayed receipt of defense counsel's letter did not cause her any prejudice.

Second, Plaintiff objects that Defendants did not "respond to the Complaint within 21 days as is required by the Montana Rules of Civil Procedure." (Docs. 8 at 2; 9 at 2). Contrary to Plaintiff's argument, the record reflects that Defendants

5

timely removed the case to this Court on July 18, 2019, and filed their motion for a more definite statement on July 25, 2019, within the seven-day period allowed under Fed. R. Civ. P. 81(c)(2)(C).

Finally, to the extent Plaintiff asks the Court "to require the Defendants to provide copies to the Plaintiff from any and all sources of the 'investigation' conduct on the Plaintiff," her request is denied as premature. (Docs. 8 at 4; 9 at 4).

### III.   Conclusion

For the reasons stated above,

IT IS ORDERED that Defendants' motion for a more definite statement (Doc. 5) is GRANTED. Plaintiff is directed to file an amended complaint on or before November 25, 2019.

DATED this 4th day of November, 2019

_____
Kathleen L. DeSoto
United States Magistrate Judge