IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DARLENE MAAS,<br><br>          Plaintiff,<br><br>  vs.<br><br>CITY OF BILLINGS, MONTANA; BILLINGS, MONTANA POLICE DEPARTMENT; CHIEF RICH ST. JOHN, CAPTAIN CONRAD, OFFICER KEIGHTLEY, OFFICER LANGE, OFFICER AGUILAR, OFFICER SCHAFF, and JOHN DOES 1-10<br><br>          Defendants. | CV 19-79-BLG-BMM-KLD<br><br>ORDER |

      This matter comes before the Court on Defendants' motion to strike Plaintiff Darlene Maas's expert witness disclosures (Doc. 36) and Plaintiff's motion for a continuance to submit new expert disclosures. (Doc. 45). For the reasons set forth below, both motions are granted.

**I.    Background**

      Plaintiff, who is proceeding pro se, filed this action in state court on June 5, 2019, alleging defamation, violations of the Montana Law Enforcement Code of Ethics, and violations of her state and federal constitutional rights. (Doc. 3).

Defendants later removed the case based on federal question jurisdiction, and on February 18, 2020 the Court issued a pretrial scheduling order. (Doc. 25). The scheduling order established August 18, 2020 as the deadline for disclosure of Plaintiff's liability and damages experts. (Doc. 25 at 2).

On August 15, 2020, Plaintiff sent Defendants' counsel her expert witness disclosure identifying two experts: David M. Ortley of the Montana Department of Justice, and Scott Sterland of the Montana Law Enforcement Academy. (Doc. 37-1). Plaintiff's disclosure provides no information other than each witness's name and place of business. (Doc. 37-1).

**II. Discussion**

Defendants move to strike Plaintiff's expert witness disclosure for failure to comply with the Court's scheduling order and with the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 26(a)(2)(B) requires that, for witnesses who are "retained or specially employed to provide expert testimony in the case or whose duties as the party's employee regularly involve giving expert testimony," an expert disclosure "must be accompanied by a written report" that is "prepared and signed by the witness." The report must contain: "a complete statement of all opinions the witness will express and the basis and reasons for them; the facts or data considered by the witness in forming them; any exhibits that will be used to

summarize or support them; the witness's qualifications, including a list of all publications authored in the previous 10 years; a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B)(i)-(iv).

Witnesses who are not retained but nevertheless intend to provide expert testimony must also be disclosed pursuant to Federal Rule of Civil Procedure 26(a)(2)(C). This disclosure must identify "the subject matter on which the witness is expected to present evidence" and provide "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(C)(i) & (ii).

Plaintiff's expert disclosure clearly fails to satisfy with these requirements. If Plaintiff has retained her proffered experts, her expert disclosure is deficient because it is not accompanied by a written report that is signed by the witness. If the witness are not retained, Plaintiff's expert disclosure is deficient because it does not identify the subject matter of the proffered expert testimony, and does not describe any of the opinions to which the witnesses are expected to testify or the facts upon which those opinions are based. Because the only information provided is the name of each witness and the witness's place of business, Plaintiff's Rule 26 expert disclosure is inadequate.

The pretrial scheduling order entered in this case expressly advised the

parties that "[a]n inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed." (Doc. 25 at 5). Where, as here, a party fails to comply with the expert disclosure requirements of Rule 26, the expert opinion testimony is properly excluded unless the party can show that the "failure to comply with the rules is either substantially justified or harmless." *Laslovich v. State Farm Fire and Casualty Co.*, 307 F.R.D. 533, 537 (D. Mont. May 14, 2015) (citing Fed. R. Civ. P. 37(c)(1)).

In response to Defendants' motion, Plaintiff claims she "had no understanding that any other information was required" in her expert disclosures. (Doc. 39 at 2). Plaintiff states if she had been aware of these requirements, she would have provided additional information. (Doc. 39 at 2). Plaintiff has filed a motion to continue the expert disclosure deadline, asking that she be given additional time to allow her "to provide additional information that may be required with regard to the Plaintiff's Liability/Damage Experts." (Doc. 45).

The 1993 advisory committee notes to Rule 37(c) clarify that limiting the automatic sanction for insufficient disclosure "to violations 'without substantial justification,' coupled with the exception for violations that are 'harmless,' is needed to avoid unduly harsh penalties in a variety of situations," such as when a pro se litigant lacks knowledge "of the requirement to make disclosure." Fed. R. Civ. P. 37(c) Advisory Committee Notes (1993). However, exclusion may

nevertheless "be proper if the requirement for disclosure had been called to the litigant's attention either by the court or another party." *Id.*

As set forth above, the Court's pretrial scheduling order notified Plaintiff of the requirements for expert disclosure and consequences of a failure to comply. Nevertheless, in light of Plaintiff's pro se status, the Court finds it would be unduly harsh to strike her expert witness disclosure without giving her a reasonable extension of time to attempt to comply with the requirements of Rule 26 and the Court's pretrial scheduling order. There is no trial date set in this matter, and Defendants will not be unduly prejudiced by giving Plaintiff a brief extension of time to submit her expert witness disclosure.

## III. Conclusion

For the reasons set forth above,

IT IS ORDERED that:

(1) Defendants' Motion to Exclude Plaintiff's Experts for Insufficient Disclosure (Doc. 19) is GRANTED.

(2) Plaintiff's Motion for Continuance to Submit Damage and Liability Expert Disclosure (Doc. 45) is GRANTED. Plaintiff's expert witness disclosures shall be due on or before December 11, 2020. Following Plaintiff's expert disclosure, Defendants may move to extend the rebuttal expert disclosure deadline upon a showing of good cause.

(3)  The deadline for expert discovery is extended January 22, 2021. This extension is limited to expert discovery, and does not extend the deadline for fact discovery, which closed on October 19, 2020.

(4)  The December 18, 2020 motions deadline is extended to February 22, 2021.

DATED this 12th day of November, 2020

*/s/ Kathleen L. DeSoto*
Kathleen L. DeSoto
United States Magistrate Judge